# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK LINARTE, <br> Plaintiff, | : <br> : <br> : | CASE NO. 3:19-cv-435 (MPS) |
| v. | : <br> : <br> : | |
| RICHARD FUREY, <br> Defendant. | : <br> : <br> : | APRIL 16, 2019 |

## INITIAL REVIEW ORDER

Plaintiff Frank Linarte incarcerated at the Osborn Correctional Institution in Somers, Connecticut, filed this case under 42 U.S.C. § 1983. He contends that the defendant, Richard Furey, was deliberately indifference to his serious medical need. The plaintiff seeks damages and an order for treatment.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff is proceeding *in forma pauperis*.

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and

to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009). Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

I.     <u>Allegations</u>

The plaintiff suffers from sleep apnea. ECF No. 1 at 18. Following a sleep study, a hospital consultant recommended that the plaintiff use a CPAP machine. The plaintiff has submitted numerous requests from August 29, 2018 through December 31, 2018 seeking a CPAP machine but has received no response. *Id.* at 9, ¶ 1. He has neither received a CPAP machine nor been told why the machine has been denied. *Id.*, ¶ 2.

Recently, the plaintiff's condition has worsened. *Id.*, ¶ 3. He goes to sleep each night thinking that he will die or be unable to wake up. As a result, he suffers from lack of sleep, nightmares, weight loss, and stress. These conditions have affected his job assignment and recreation performance. *Id.*, ¶ 4.

On December 31, 2018, the plaintiff received a response from defendant Furey to a "Formal Request Form" that the unit counselor had helped the plaintiff file in November 2018. *Id.*, ¶ 5. The plaintiff alleges that defendant Furey has "denied, refused, and obstructed [his]

2

access to meaningful treatment and allowed his Medical Unit Staff to secret their identities." *Id.*, ¶ 6. When the plaintiff confronted defendant Furey, Furey stated, "You['re] in jail, what do you expect?" Following this exchange, the plaintiff kept away from defendant Furey. *Id.* at 10, ¶ 7.

On January 23, 2019, the plaintiff filed a Health Service Review. The review was first marked "Upheld," then changed to indicate "No further action." No further action is not a disposition listed in correctional directives. *Id.*, ¶ 8. The plaintiff had not received a CPAP machine as of, March 19, 2019, the day he signed the complaint. *Id.*, ¶ 9.

II. <u>Analysis</u>

The plaintiff contends that defendant Furey was deliberately indifferent to his serious medical need. The Eighth Amendment forbids deliberate indifference to prisoners' serious medical needs. *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). To state a claim for deliberate indifference to a serious medical need, the plaintiff must show both that his medical need was serious, and that the defendant acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 104 (1976)). There are both objective and subjective components to the deliberate indifference standard. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must produce death, degeneration or extreme pain. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Subjectively, the defendant must have been actually aware of a substantial risk that the plaintiff would suffer serious harm as a result of his actions or inactions. *See Salahuddin*, 467 F.3d at 279-80. Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not

3

cognizable under section 1983. *See id.*

Sleep apnea may constitute a serious medical need. *See Madore v. Semple*, No. 3:17-cv-129(MPS), 2017 WL 487017, at *3 (D. Conn. Feb. 6, 2017) (citing cases). The plaintiff attached to his complaint a medical report describing his condition as severe obstructive sleep apnea. ECF No. 1 at 18. As the condition is serious enough to require a CPAP machine, the Court finds that the plaintiff has alleged a serious medical need.

The plaintiff argues that defendant Furey has denied treatment and obstructed access to the CPAP machine. The documents attached to the complaint show that, in June 2018, Dr. Wright submitted a request to the Utilization Review Committee for the sleep study. ECF No. 1 at 14. The request was approved on July 10, 2018. *Id.* Following the study, on September 6, 2018, Dr. Wright submitted a second Utilization Review request seeking a CPAP machine. *Id.* at 15. Utilization Review is the "process by which requests for specialty care, treatment, services, and/or diagnostic testing [are] reviewed for approval based on standard guidelines." Department of Correction Administrative Directive 8.9(3)(K),[1] https://portal/ct/gov/DOC/AD/AD-Chapter-8 (last visited Apr. 11, 2019). Thus, absent approval from the Utilization Review Committee, the plaintiff could not receive a CPAP machine.

Although defendant Furey could not order the CPAP machine, it is possible that he could have facilitated receipt of the machine. The plaintiff alleges that he submitted medical requests,

---

[1] The Court takes judicial notice of the Department of Correction Administrative Directives. *See Chambers v. Johnpierre*, No. 3:14cv1802(VAB), 2016 WL 5745083, at *3 n.4 (D. Conn. Sept. 30, 2016) (citing *Nicholson v. Murphy*, No. 3:03-cv-1815(MRK), 2003 WL 22909867, at *7 n.2 (D. Conn. Sept. 19, 2003)).

beginning in August 2018, seeking the machine but received no responses. He submits a copy of an Inmate Request dated November 30, 2018, addressed to the Health Services Administrator, *i.e.*, defendant Furey. In the request, the plaintiff states that he submitted several requests but still has not received the CPAP machine and asks defendant Furey to make inquiries to facilitate receipt of the machine. Defendant Furey responded on December 31, 2018, stating that he would have the nurse in charge call him to the medical unit. ECF No. 1 at 12. There are no facts indicating whether this occurred or whether defendant Furey investigated the issue.

The plaintiff also submits a copy of the Health Service Review he submitted in January 2019. *Id.* at 7. The response, based on Dr. Wright's treatment plan, noted that a CPAP machine was ordered after the sleep study "from 9/6/18 to 1/21/19 to come in and is now, 2/25/19, set to match your need…." *Id.* The author, who was not defendant Furey, informed the plaintiff that he should have received the CPAP machine by the response day, March 6, 2019, and directed the plaintiff to contact his case manager if that were not the case. *Id.*

After reviewing the allegations and attached documents, it appears that defendant Furey was aware of the apparent delay in receipt of the CPAP machine and the plaintiff's worsening condition at least since early December 2018. There is no indication that defendant Furey investigated the delay. Interpreting the allegations in the light most favorable to the plaintiff, the Court concludes that the plaintiff has alleged sufficient facts to state a plausible claim that defendant Furey was aware of a substantial risk that the plaintiff would suffer serious harm as a result of his inaction. Accordingly, the deliberate indifference claim will proceed against defendant Furey at this time.

The only other allegation against defendant Furey is that he did not timely respond to the

November 2018 Inmate Request. ECF No. 1 at 12. However, inmates have no constitutional entitlement to a grievance procedure, to receive a response to a grievance, or to have the grievance processed properly. *See Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018) (claim relating to grievance procedures "confused a state-created procedural entitlement with a constitutional right"; "neither state policies not 'state statutes … create federally protected due process entitlements to specific state-mandated procedures'") (quoting *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003)); *Kalican v. Dzurenda*, No. 3:13-cv-1009(SRU), 2015 WL 1806561, at *6 (D. Conn. Apr. 21, 2015) (no constitutional right to receive response to grievance); *see also Crenshaw v. Dondrea*, 278 F. Supp. 3d 667, 670 (W.D.N.Y. 2017) (dismissing due process claim because "the law is clear that plaintiff has no constitutional right to have his grievance processed at all, or if processed, to have the procedure done properly") (citation and internal quotation marks omitted). As the plaintiff has no constitutional right to a response, the untimely response, in and of itself, does not state a cognizable claim against defendant Furey.

III. Conclusion

The claim for untimely grievance response is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The case will proceed on the deliberate indifference claim against defendant Furey.

The Court enters the following orders:

(1) **The Clerk shall** contact the Department of Correction Office of Legal Affairs to ascertain the service or current work address for defendant Richard Furey, mail a waiver of service of process request packet containing the Complaint to him at the address provided within

6

**twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth day after mailing. If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on him in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the Complaint on defendant Furey in his official capacity at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3) **The Clerk shall** send the plaintiff a copy of this Order.

(4) **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) The defendant shall file his response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above. He also may include all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(10) The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. The plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendants' counsel by regular mail.

**SO ORDERED** this 16th day of April 2019 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge