UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK LINARTE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:19-cv-435 (MPS) |
| | : | |
| RICHARD FUREY, | : | |
|     Defendant. | : | |

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Frank Linarte, commenced this Section 1983 action *pro se* asserting a claim against defendant Health Administrator Richard Furey for deliberate indifference to medical needs in violation of the Eighth Amendment. The defendant has filed a motion for summary judgment, making three arguments: the plaintiff failed to properly exhaust his administrative remedies before filing this lawsuit; the plaintiff has failed to demonstrate the defendant's personal involvement in the delay in receiving the medical device that is the subject of his claim; and the defendant is protected by qualified immunity. Because I agree with the second argument, I grant the motion for summary judgment and do not address the other two.

I.    <u>Standard of Review</u>

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(a), Fed. R. Civ. P.; *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113-14 (2d Cir. 2017). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage*, 875 F.3d at 113-14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Which facts are

material is determined by the substantive law.  *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).  He cannot "'rely on conclusory allegations or unsubstantiated speculation' but 'must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact.'"  *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 34 (2d Cir. 2015) (citation omitted).  To defeat a motion for summary judgment, the nonmoving party must present such evidence as would allow a jury to find in his favor.  *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

Although the court is required to read a self-represented "party's papers liberally and interpret them to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment.  *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

II.     Facts[1]

---

[1] The facts are taken from the defendant's Local Rule 56(a) Statements and exhibits attached to the summary judgment papers and the complaint.  The Court also considers the allegations in the verified complaint as an affidavit in opposition to the defendant's motion for summary judgment.  *See Curtis v. Cenlar FSB,* 654 F. App'x 17, 20 (2d Cir. 2016) ("Though we may treat [plaintiff's] verified complaint 'as an affidavit for summary judgment purposes,' the allegations contained therein can suffice to defeat summary judgment only insofar as they were made on personal knowledge.") (quoting *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicating whether the opposing party admits or denies the facts set forth by the moving

The plaintiff suffers from sleep apnea. Def.'s Local Rule 56(a)1 Statement, ECF No. 23-3, ¶ 3. Following a sleep study, conducted on August 29, 2018, the plaintiff received a recommendation to use a C PAP machine. *Id.* & ECF No. 1 at 18. There is no evidence in the record, however, that any physician actually ordered a C PAP machine for him at that time.

Defendant Furey is the Regional Chief Operating Officer for Northern Correctional Institution, Osborn Correctional Institution, Carl Robinson Correctional Institution, and Willard Cybulski Correctional Institution. ECF No. 23-3 ¶ 4. He is an administrator, not a medical provider. *Id.* ¶¶ 5, 15. Defendant Furey facilitates medical care between medical staff and inmates; he does not make medical decisions or provide clinical services. *Id.* ¶¶ 6-7  Defendant Furey is responsible for ensuring that inmates and medical staff comply with policies. *Id.* ¶ 8. He responds to inmate requests and grievances in accordance with Department of Correction Administrative Directive 8.9. *Id.* ¶¶ 9-10.

During the time relevant to this action, defendant Furey was the Health Services Administrator at Osborn Correctional Institution. *Id.* ¶ 11. He oversaw operations in the medical department and responded to some, but not all, inmate requests and grievances. *Id.* ¶ 12. Other staff members also responded to inmate requests. *Id.* ¶ 13. Inmates could file a grievance, or

---

party. Each admission or denial must include a citation to an affidavit or other admissible evidence. In addition, the opposing party must submit a list of disputed factual issues. D. Conn. L. Civ. R. 56(a)2 and 56(a)3.

Although the defendant informed the plaintiff of this requirement, *see* Notice to Self-Represented Litigant Concerning Motion for Summary Judgment as Required by Local Rule of Civil Procedure 56(b), ECF No. 23-2, the plaintiff did not file a Local Rule 56(a)2 Statement. Although he expresses his disagreement with many paragraphs of the Local Rule 56(a)1 Statement, he fails to provide the required citation to admissible evidence for most of his statements. Thus, the defendant's facts to which a proper response was not filed are deemed admitted. *See* D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Rule 56(a)2.").

Health Services Review, to review a practice, procedure, administrative provision, or policy, or to review a claim of improper conduct. *Id.* ¶ 14. If the inmate was not satisfied with the response, he could file an appeal. *Id.*

Dr. Salmon ordered the plaintiff's CPAP machine on February 25, 2019. *Id.* ¶ 16. The plaintiff received the machine on April 18, 2019. *Id.* ¶ 17. Defendant Furey did not order the machine and had no control over the manufacturer selected to receive the order. *Id.* ¶¶ 18-19. He had no control over the length of time for delivery. *Id.* ¶ 19. Nor was defendant Furey involved in resolving the January 23, 2019 Health Services Review. *Id.* ¶ 20.

III.    Discussion

The defendant moves for summary judgment on three grounds, failure to properly exhaust administrative remedies, lack of involvement in ordering or delivery of the CPAP machine, and qualified immunity. Because I agree with the defendant as to the second ground, I do not address the others.

A plaintiff must show that a defendant was personally involved in the constitutional wrong he alleges in order to prevail on a claim for money damages under Section 1983, the statute that creates the cause of action under which the plaintiff brings his Eighth Amendment claim in this case. *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). In *Colon v. Coughlin,* the court identified five ways that by which the personal involvement of a supervisory defendant may be shown:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited

4

>deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

58 F.3d 865, 863 (2d Cir. 1995).[2] Each of these types of personal involvement implies that the defendant was in a position to act to prevent the constitutional wrong, i.e., that he or she had the authority or power to do so. *See, e.g., Eldridge v. Williams*, 2013 WL 4005499 * 5 (S.D.N.Y. July 30, 2013)("[E]ven if a complaint or letter is directly addressed to the defendant and the defendant becomes subjectively aware of the alleged problem, if the defendant lacks the authority to remedy or take action with respect to any constitutional violation, personal involvement cannot be found. (internal quotation marks omitted)).

The substantive requirements of the plaintiff's claim are as follows. Prison officials' deliberate indifference to serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). To state a claim for deliberate indifference to a serious medical need, the plaintiff must show that the prison official knew that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Harrison v. Barkley*, 219 F.3d 132, 137-38 (2d Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

There are objective and subjective components to the deliberate indifference test. Under the objective prong, the plaintiff's medical need must be "a serious one." *Brock v. Wright*, 315

---

[2] The Second Circuit has not yet decided whether the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009) has heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations. See Grullon, 720 F.3d at 139.

F.3d 158, 162 (2d Cir. 2003). The defendant does not dispute that the plaintiff's underlying medical condition was serious. The plaintiff's claim, however, is not that his medical need was not treated but that there was a delay in providing treatment. For claims of delay in treatment, the court considers "the particular risk of harm faced by [the plaintiff] due to the challenged deprivation of care, rather than the severity of [his] underlying medical condition." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003).

The defendant argues that the plaintiff has submitted no evidence to support his self-serving statement that the delay in obtaining a CPAP machine exacerbated his medical condition or created a serious risk to his health. In *Santana v. Watson*, No. 13 Civ. 1549(SAS), 2014 WL 1803308 (S.D.N.Y. May 6, 2014), the court found that the prisoner failed to satisfy the objective prong of the deliberate indifference test where prison medical records showed that he did not mention any adverse effects from the lack of a CPAP machine during two medical visits. *Id*. at *5; *see also Nesmith v. Southern Health Partners*, Civil Action No. 11-425)TFM/LPL), 2012 WL 426606, at *4 (W.D. Pa. Jan. 10, 2012) (recommending dismissal with prejudice Eighth Amendment claim for delay in receiving CPAP machine where prisoner alleged only not sleeping well and occasional headaches and chest pains), *report and recommendation adopted*, 2012 WL 425986 (W.D. Pa. Feb. 9, 2012).

In his verified Amended Complaint, the plaintiff alleges that his condition worsened; he suffered weight loss, lack of sleep, nightmares, and stress. ECF No. 16 ¶ 6. I will assume, without deciding, that this somewhat-cursory sworn statement is sufficient to satisfy the objective prong of the deliberate indifference test.

Subjectively, the defendant's conduct must constitute recklessness; he must act or fail to act while "actually aware of a substantial risk that serious inmate harm will result." *Sahauddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006).  For example, the plaintiff can satisfy this prong of the test by showing that the defendant "intentionally interfered with" prescribed treatment.  *Estelle*, 429 U.S. at 104-05; *see also Brantley v. Fischer*, No. 9:12-CV-1051(NAM/RFT), 2013 WL 5466790, at *8 (N.D.N.Y. Sept. 30, 2013) (non-medical staff can be deliberately indifferent to an inmate's serious medical needs by intentionally denying or delaying access to medical care) (citations omitted).  However, the Eighth Amendment is not a substitute for state tort law and cannot be used to bring medical malpractice claims.  *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003).  Thus, "not every lapse in prison medical care will rise to the level of a constitutional violation."  *Id.*; *see also Salahuddin*, 467 F.3d at 280 ("[R]ecklessness entails more than mere negligence, the risk of harm must be substantial and the official's actions more than merely negligent.").  In addition, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."  *Farmer*, 511 U.S. at 844.

The plaintiff relies on the Court's determination in the Initial Review Order that he had plausibly alleged that the defendant Furey was aware of his worsening symptoms and did nothing to facilitate receipt of the CPAP machine.  On initial review, however, the complaint is construed in the light most favorable to the plaintiff.  In reviewing the Complaint, the Court inferred that the CPAP machine had been ordered immediately following the August 2018 sleep study.  The undisputed evidence in the summary judgment record, however, shows that this inference was not warranted.

7

The plaintiff attached to his Complaint a medical note from Dr. Wright stating that the results of the sleep study indicated that the plaintiff would benefit from a CPAP machine. There is no indication that a CPAP machine was ordered by the persons conducting the study and Dr. Wright did not include an order for a CPAP machine in his note. Instead, he includes a notation "UR submitted." ECF No. 1 at 15. This suggests that any order for a CPAP machine would have to be approved by the Utilization Review Committee. Plaintiff provides no evidence indicating that a CPAP machine was approved or ordered prior to February 25, 2019, the date he attended a consultative examination with a pulmonologist, at which time the pulmonologist ordered a CPAP machine. ECF No. 24.

The plaintiff also attached to his Complaint a November 30, 2018 Inmate Request addressed to the Health Services Administrator. ECF No. 1 at 12. The plaintiff states that he submitted his previous requests to the medical staff, not the defendant, complaining that he had not received the CPAP machine. The defendant responded to the request, stating that he would have the plaintiff seen by the nurse in charge. *Id.* At this time, the CPAP machine had not yet been ordered and the defendant had no authority to order it. Thus, the record evidence shows that the defendant took some action in response to the request directed to him.

The plaintiff alleges, and the defendant denies, that the defendant commented, "You're in jail, what do you expect," when the plaintiff questioned the delay in receipt of the CPAP machine. The plaintiff does not indicate when the purported conversation occurred, but I will assume for purposes of this ruling that it was made at a relevant time. Even given that assumption, there is no evidence of any failure by the defendant to take some action he had authority to take that caused a delay in the plaintiff's obtaining the CPAP machine. As noted,

8

the record evidence shows that the CPAP machine was not ordered until one month before the plaintiff filed this action.

The defendant could not order the machine and, in response to the plaintiff's Inmate Request, said he would be seen by the nurse in charge. The plaintiff has presented no evidence showing that the defendant interfered with or denied access to prescribed treatment and, thus, has not presented evidence establishing the defendant's personal involvement in any constitutional wrong or, to put it another way, establishing that the defendant failed to take some reasonable step he was in a position to take to abate the risk of harm to the defendant. *Harrison*, 219 F.3d at 137. The plaintiff fails to present evidence demonstrating a genuine issue of material fact on the merits of his claim.[3]

IV.     Conclusion

The defendant's motion for summary judgment [**ECF No. 23**] is **GRANTED.** The Clerk is directed to enter judgment in favor of the defendant and close this case.

**SO ORDERED** this 4th day of June 2020 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge

---

[3]Plaintiff's request for an injunction ordering the defendant to provide him with a C-Pap machine, ECF No. 16 at 5, is denied because it is moot. As noted, the plaintiff has received the machine. Further, the plaintiff's conclusory statement in his objection that he never received instruction in the use of the machine is refuted by evidence in the record in which he admitted that he was "given the obvious basic of how to use it" and further instruction, in response to his inmate request, on how to request supplies for the machine. (ECF No. 23-6 at 2.)